UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-61280-DPG

FREDDIE YOUNG,

      Plaintiff,

v.

PERSAUD USA HOLDINGS LLC D/B/A
SAMMYS DISCOUNT FOOD AND DELI,
PERSAUD & PERSAUD L.L.C D/B/A 19
STREET DISCOUNT GROCERY, UNITED
HOLDINGS USA LLC D/B/A CONVENIENT
DISCOUNT FOOD AND DELI, DARMINDRA
PERSAUD, SALESH SHIVPERSAUD,

      Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT
## AND DISMISS ACTION WITH PREJUDICE

Plaintiff and Defendants, by and through their respective undersigned counsel, hereby jointly move for approval of their FLSA settlement and for the dismissal with prejudice of this action, and say:

1. Plaintiff alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), by failing to pay him alleged unpaid overtime and minimum wage compensation.

2. Defendants vigorously deny any wrongdoing and further deny that Plaintiff is entitled to any relief whatsoever. The parties agree there are bona fide, good faith disputes as to both liability and damages regarding Plaintiff's claims.

3. The parties engaged in mediation on September 30, 2020 [ECF No. 19] and they reached a settlement of this matter.

4. Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor). In Lynn's Food Stores, the Eleventh Circuit observed that when an employee initiates a private cause of action, there is "some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute." Id. at 1354. Accordingly, the Eleventh Circuit reasoned that when the parties are represented by counsel it is likely there is a reasonable compromise and the settlement should be approved:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

5. The parties request that the Court review and approve their settlement, and they concurrently move to dismiss this action with prejudice. The parties have agreed to the dismissal of this action with prejudice on the condition that the Court retain jurisdiction to enforce the terms of the settlement agreement. See Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

6. Plaintiff and Defendants are each represented by experienced counsel who are extremely well-versed in FLSA litigation. The parties and their respective counsel agree and stipulate that their settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claims. There was no undue influence, overreaching, collusion or intimidation in reaching the parties' settlement.

7. Confidentiality is a material term of the parties' settlement agreement, and the parties are submitting a copy of their settlement agreement via email for *in camera* review contemporaneous with the filing of this motion. The total amount of the settlement and the specific amounts to be received by Plaintiff and by Plaintiff's counsel for attorney's fees and costs are set forth in paragraph 5 of the settlement agreement. The amount paid for attorney's fees and costs fully satisfies Plaintiff's obligations for those items.

WHEREFORE, Plaintiff and Defendants jointly request that the Court enter an order (a) approving the parties' settlement; (b) dismissing this action with prejudice; and (c) reserving jurisdiction to enforce the terms of the settlement, should such enforcement be necessary. A proposed order is provided herewith and is being emailed to chambers along with the parties' settlement agreement.

Respectfully submitted this 5th day of October, 2020.

| | |
|---|---|
| *Elliot A. Kozolchyk, Esq.* | *Adam S. Chotiner, Esq.* |
| Elliot A. Kozolchyk, Esq. | Adam S. Chotiner, Esq. |
| Fla. Bar No. 74791 | Fla. Bar No. 0146315 |
| Email: ekoz@kozlawfirm.com | E-Mail: achotiner@sbwh.law |
| Koz Law, P.A. | Shapiro, Blasi, Wasserman |
| 320 S.E. 9th Street | & Hermann, P.A. |
| Fort Lauderdale, FL 33316 | 7777 Glades Rd., Suite 400 |
| Tel.: 786) 924-9929 | Boca Raton, FL 33434 |
| Fax: (786) 358-6071 | Tel.: (561) 477-7800 |
| *Counsel for Plaintiff* | Fax: (561) 477-7722 |
| | *Counsel for Defendants* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Adam S. Chotiner*
Adam S. Chotiner

## **SERVICE LIST**

*Freddie Young v. Persaud USA Holdings LLC d/b/a Sammys Discount Food and Deli, et al.*
Case No. 0:20-cv-61280-DPG
United States District Court, Southern District of Florida

| | |
|---|---|
| Elliot A. Kozolchyk, Esq. <br> Email: ekoz@kozlawfirm.com <br> Koz Law, P.A. <br> 320 S.E. 9th Street <br> Fort Lauderdale, FL 33316 <br> Tel.:  786) 924-9929 <br> Fax:  (786) 358-6071 <br> Counsel for Plaintiff <br> *Via CM/ECF* | Adam S. Chotiner, Esq. <br> E-Mail:  achotiner@sbwh.law <br> Shapiro, Blasi, Wasserman <br>  & Hermann, P.A. <br> 7777 Glades Rd., Suite 400 <br> Boca Raton, FL  33434 <br> Tel.:  (561) 477-7800 <br> Fax:  (561) 477-7722 <br> Counsel for Defendants <br> *Via CM/ECF* |